UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LYNN WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; NATIONAL CONSUMER TELECOM & UTILITIES EXCHANGE, INC.; CLARITY SERVICES, INC.; OCWAN LOAN SERVICING, LLC,<br><br>Defendants. | Case No. 2:24-cv-02293-JCM-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Extend Time to Serve (ECF No. 5). Plaintiff explains a calendaring error resulted in the failure to timely serve Defendants.

Under Federal Rule of Civil Procedure 4(m) "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Recent Ninth Circuit case law holds a calendaring error, whether the result of carelessness, negligence or falling within the meaning of excusable neglect is sufficient to warrant an extension under the circumstances explained here. *Pincay v. Andrews*, 389 F.3d 853, 858-60 (9th Cir. 2004) (en banc) (affirming the district court's finding of excusable neglect within the meaning of Appellate Rule 4(a)(5) when the defendants filed their notice of appeal twenty-four days late due to a calendaring mistake caused by attorneys and paralegals misapplying a clear legal rule); *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 394 (1993) ("[e]xcusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence,' and includes 'omissions caused by carelessness.'").

      Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Time to Serve (ECF No. 5) is GRANTED.

      IT IS FURTHER ORDERED that Plaintiff will have through and including **May 27, 2025** to effect service of process on Defendants. No further extensions of the service date will be granted absent a showing of due diligence.

      Dated this 26th day of March, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE